UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2006 JUL 10 P 5: 20

U.S. DISTRICT COURT
DISTRICT OF MASS

UNITED STATES OF AMERICA

v.  CRIMINAL NO. <u>04CR10288-9-RWZ</u>

**JAMES GARDNER,**
        **Defendant**

### MEMORANDUM IN SUPPORT OF DEFENDANT, JAMES GARNDER'S, SENTENCING RECOMMENDATION

Now comes the defendant in the above-entitled matter and respectfully submits the following in support of his sentencing recommendation:

I. Pursuant to section **(3)B1.2 Mitigating Role**, the defendant respectfully requests that the court decrease by **four levels**, the offense level in this matter. The Rule provides that if the defendant was a minimal participant in any criminal activity that he could have his offense role decrease by four levels. Certainly on the facts of this case, James Gardner's role in this was, in fact, minimal. In the voluminous discovery provided to the court and provided by the United States Attorney's office, Jim Gardner's role was absolutely minimal. His activities are confined to one transaction out of hundreds. In the grand jury minutes that have been provided to the court, James Gardner's name is barely mentioned. In the initial discovery package provided at the outset, Jim Gardner's name is mentioned perhaps three or four times in the lengthy documents and affidavits provided by the court. His role in the spectrum of the 13 or 14 participants in this case is nearly at the bottom. For this reason, we respectfully request that the offense level be decreased by **four levels** because of his minimal participation in the matter.

II. The defendant, James Gardner, should be sentenced at a **criminal history level I** because prior to this offense, he had not received an adjudication of guilty in any drug related criminal offense, and his only guilty finding would be singular, and therefore, would put him at a criminal history level of I. The pre-sentencing report provided by the United States probation department attributes two points for his continuance without findings for possession of marijuana, and a continuance without finding on a possession of a Class A substance. In neither case was he adjudicated guilty, in neither case was there a plea of nolo contendere, of which there is no such plea in

        Massachusetts, and as the court is aware, in a continuance without a finding in our state courts do not enter a finding of guilty, but continue the matter without finding, and subsequently dismiss the matter. The guideline specifically define convicted of an offense as, for the purposes of this position, means that the guilt of the defendant has been established with a by guilty plea, trial, or plea of nolo contendere. None of those factors ought to apply to a matter that is continued without finding and the colloquy of the state court judges are very specific in that the guilty finding is not entered, and it is only for the purposes of continuing without finding upon a subsequent dismissal. For the reasons, we respectfully suggest that the criminal history level of Mr. Gardner be I, not II.

III.    The defendant respectfully suggests that his **Offense level** ought to be with a criminal history level category of I and an offense level of 15, which would be an **18-24 month sentence** of incarceration to be imposed by the court. The defendant further suggests that the court should go off of the guidelines all together and impose a minimum 12-month sentence in the matter. The defendant has great family support, kindly see attached letters from his mother Eileen Gardner and his girlfriend, Julie Warner, and skills to reenter the workplace and be productive, no prior history of any distribution on the sale of any narcotics, and an education background, which indicates that in his experiences and his post secondary education, that he is more than capable of retooling his skills and applying himself in any trade or vocation for which he seeks to pursue. The defendant is in agreement that the pre-sentencing adjustment for acceptance of responsibility, which is a decrease of three levels. The pre-sentencing total offense level is at 19, and even if the court finds Mr. Gardner to be a criminal history two, he still could be sentenced as a criminal history level two with a reduction of four points for a minimal role on the scale of this drug conspiracy to sentence him to **21 to 27 months**.

        Respectfully Submitted,
JAMES GARDNER,
By his attorney,

Theodore W. Beauparlant
166 Kenoza Avenue
Haverhill, MA 01830
(978) 521-4477
BBO#553763

Dated: **July 7, 2006**

## CERTIFICATE OF SERVICE

    I, Theodore W. Beauparlant, did hereby serve the attached MEMORANDUM IN SUPPORT OF DEFENDANT, JAMES GARNDER'S, SENTENCING RECOMMENDATION by mail, postage prepaid, this 7th day of July 2006, upon

United States Attorney
Attention: David G. Tobin
United States Court House
Suite 9200
1 Courthouse Way
Boston, MA 02210

Probation Officer Jo Lyness
United States Probation Department
Moakley Federal Courthouse
1 Courthouse Way
Suite 1200
Boston, MA 02210

United States District Court
1 Courthouse Way
Boston, MA 02210
Attention: Judge Rya Zobel

July 7, 2006

Your Honor Judge Rya Zobel,

Twelve years ago in September of 1998, I met my soul mate James R. Gardner. James has become my love, my life, my best friend and my family. Over the past couple years our life has been placed on hold and now as we await the future we've dreamed about I feel as if, whatever lies ahead that the type of person James is has yet to be said. I believe I know James better than anyone and I would like to maybe give some insight on him and our life together.

Honest, caring, and loyal are only some of the words I would use to describe Jim. He is always there when his family needs him and there even when we don't. He wants to see us happy before he himself would be happy. He is the most supportive and thoughtful person I have ever met and would do anything to make you smile.

The past two years have definitely been the hardest years of our life. We have not been able to move ahead with our life together as much as we would have liked at this point in time. Although we have taken steps to creating the type of life we want, it has not yet become the reality we hoped for. The past two years we have used to start to secure ourselves. Starting with great jobs where there is room for advancement, many opportunities to come and we actually like them. We have also purchased a home where we have learned to work together to make this a beautiful place to live. Basically we have a start; we are looking to hopefully plan a wedding soon to finally bring us to our next step in life.

In conclusion, I would just like to say that I understand this is a situation that isn't just going to go away but I love Jim and want him in my life. Since 2004 we have just been at a stand still and we can't wait to move forward. This unfortunate event has made life harder and taken us away from each other but on another note it has also allowed us to take this in, learn from it and get our lives together and ready for the future. As Jim's significant other I as well as his family are here to support him and hope for his return home.

Sincerely,

Julie N. Warner

July 7, 2006

Your Honor Judge Rya Zobel,

My name is Eileen Gardner and I am writing this on behalf of my son James. He is a very loving and caring person, a good son, brother, friend and devoted mate to his girlfriend of twelve years Julie Warner.

Jim lost his father to cancer in May of 1998 at the age of 54. After thirty years of marriage it was a devastating loss to our family. This has brought us closer as a family.

I'm just praying that you will give Jim back to us, so our lives will be complete again.

Jim's made some bad decisions in the past, and realizes the choices he's made were not good ones.

Jim is a good man and if given the chance, can turn his life around, and have a fresh start. We are here to support him.

Thank you.

*Eileen Gardner*

Eileen Gardner